HEZEKIAH K. LAMB, plaintiff in error *vs.* JACOB B. MURRAY, defendant in error.

Newly discovered evidence is no ground of new trial where proper diligence was not exercised in its earlier discovery; and especially where it is not probable that such evidence would have changed the result had it been introduced.

New trial. Newly discovered evidence. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

This case is sufficiently reported in the decision.

BLANDFORD & GARRARD, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note for $800 00, payable to Murray, Alderman & Company, or bearer. The note was signed Candler, Brown & Company. Lamb was the only party served, who filed his plea to the action denying that he signed the note as a member of the firm of Candler, Brown & Company, nor did he authorize any other person to do so. Upon the trial of this issue, the jury found a verdict for the plaintiff. The defendant made a motion for a new trial, on the ground that the verdict was contrary to the evidence and for newly discovered evidence. The court overruled the motion, and the defendant excepted.

We find no error in overruling the motion for a new trial

on the statement of facts disclosed in the record. The defendant did not exercise proper diligence in order to ascertain the facts which he now proposes to prove by the newly discovered evidence of Cody; he should have examined as a witness, Candler, who was one of the partners, though not sued, and had he have done so, the fair presumption is, that he could have proved the same facts by him as he now seeks to prove by Cody; besides, it is not at all probable that if the newly discovered evidence had been introduced on the trial of the case that it would have changed the result of the verdict.

Let the judgment of the court below be affirmed.